Wrenn, Daniel M., J.
The plaintiffs have brought a complaint against the defendants alleging thirteen counts. The subject matter of the civil cause of action involves a residential property at 197 Littleton Road, Harvard, Massachusetts, which property, pursuant to the complaint at paragraph five and six, serves as a second home for the plaintiffs. The plaintiffs’ complaint states that the plaintiffs now reside at an address in Ohio.[1]
The plaintiffs, upon filing the present civil action, brought a motion for temporary restraining order to stop a foreclosure sale. The timing of that filing was such that the motion was filed and heard on an ex-parte basis on February 27, 2013, as the foreclosure sale was scheduled for later that day on February 27, 2013. The Court, based on the ex-parte filing including the affidavit of John Kastelic, allowed the motion.
The plaintiffs were able to obtain service on the defendants. The defendants filed the necessary appearances and the Court held a further hearing with notice to the defendants on March 19, 2013. Thus, at the time that hearing concluded the Court had full and complete submissions from the plaintiffs, including appropriate affidavits and also had the benefit of full and complete submissions by the defendants, including affidavits.
Thus, the status of the case relative to the plaintiffs’ Harvard property is that the foreclosure sale previously set for February 27, 2013 has been enjoined from occurring based on the Court’s earlier motion and presently the foreclosure sale is set to move forward on April 23, 2013 pending the Court decision on the present motion for temporary restraining order and/or preliminary injunction.
Based on the case submissions by all parties, including the affidavits submitted, the Court finds that the plaintiffs have failed to demonstrate a likelihood of success on the merits of their complaint. Packaging *227 Industries Group, Inc. v. Cheney, 380 Mass. 609 (1980).
In addition, the property at 197 Littleton Road in Harvard, Massachusetts was the subject of an initial mortgage in September of 2004, at which time some $316,000 was lent pursuant to the mortgage and note executed by the plaintiffs. That note went into default in January of 2010. In September of 2010 an assignment occurred such that the defendant, The Huntington National Bank, as of that time was the holder of both the mortgage and the note. Thereafter, a foreclosure sale was scheduled and in order to avoid the foreclosure sale the plaintiffs entered into a loan modification in June of 2011. That loan modification required payments beginning in July of 2011 and from July of 2011, up through the present, it is undisputed that the plaintiffs have failed to make any payments on the subject financial obligation. This includes secondary payments for items such as property insurance and real estate taxes. In addition, it is undisputed that certainly as of January of 2013 and at all times thereafter, neither plaintiff is residing at the Harvard, Massachusetts property as a primary residence and the property is described in the plaintiffs’ complaint as a “second home.”
Thus, when the Court looks at the relative positions and harms presented by the parties a balancing of each party’s harms weighed in light of the plaintiffs’ likelihood of success on the merits is such that the equities align strongly in favor of the defendant, The Huntington National Bank. As outlined above, the plaintiffs are no longer residing at the subject property as a primary residence. The plaintiffs have made no payments toward any of the financial obligations associated with keeping and maintaining the property and the secondary obligation such as property insurance and real estate taxes fall to the defendant Bank to maintain in order to protect their interest in the subject property. Thus, the factual circumstances as presented in this case do not afford the plaintiffs a strong equitable position and in fact balancing the equities as noted above, those equities balance strongly in favor of the defendant Bank. Thus, the plaintiffs’ motion to continue the temporary restraining order and/or to convert that temporary restraining order to a preliminary injunction to remain in effect for the duration of this litigation, is herewith DENIED.
CONCLUSION
Based on the above Court findings and analysis the plaintiffs’ motion for a continuance of a temporary restraining order and/or for a preliminary injunction is herewith DENIED.

The case and submissions include an allegation, raised by the defendants, that the plaintiff John Kastelic presently resides in Katy, Texas, an assertion that was confirmed by plaintiffs’ counsel at the hearing and further plaintiffs’ counsel confirmed that the Harvard, Massachusetts address is no longer the plaintiffs’ primary residence and, in fact, some individuals other than the plaintiffs are presently residing there.